## THOMAS W. LINDSAY *v.* JOHN SCHLEIF AND EBEN P. LOW.

APPEAL FROM CIRCUIT JUDGE, FOURTH CIRCUIT.

ARGUED MAY 17, 1907.                    DECIDED MAY 29, 1907.

FREAR, C. J., HARTWELL AND WILDER, JJ.

SPECIFIC PERFORMANCE—*proof of contract.*

Decree dismissing bill for specific performance on ground of lack of satisfactory proof of meeting of minds on one point, affirmed with modification that dismissal be without prejudice to action at law.

OPINION OF THE COURT BY FREAR, C.J.

Lindsay sues Schleif for specific performance of an alleged contract to convey for $2000 lots 10 and 11 at Waikoekoe, Hamakua, Hawaii. Low is made a codefendant as a subsequent grantee with notice. The bill was dismissed on the ground that the minds of the parties did not meet upon the question whether Lindsay was to pay also the expense of certain wireless messages and of the deed. Lindsay appealed.

The negotiations were conducted mainly through one Furtado acting as special agent for Schleif in this matter and William Lindsay acting for his father the plaintiff. Furtado lived at Honokaa and the Lindsays at Waimea, Hawaii; Schleif, at Honolulu. Upon the conclusion of the negotiations Schleif executed the deed and authorized his attorney, who happened to be going to Waimea, to collect the money and deliver the deed. There is some dispute as to what occurred on Hawaii, but the money was not paid and the attorney returned without delivering the deed,—the failure to pay having been due, according to

the plaintiff, to his desire to have the deed examined by his own attorney in Honolulu and, according to the defendants, to his inability to obtain the money. The $2000, however, was sent to Honolulu by the steamer upon which the attorney returned, but before it was tendered, although not before Schleif was informed that it had been sent, he conveyed to Low.

A number of questions are suggested which, in the view we take, will not require discussion. We will assume that the statute of frauds was sufficiently complied with; that there was not a failure of the minds to meet on the question of the expense of the wireless messages; that Schleif did not have sufficient ground for rescinding the contract, if there was one, when he conveyed to Low; that it was unnecessary for the plaintiff to tender the money to Schleif after such conveyance was made; and that Low took with sufficient knowledge to put him upon inquiry as to the existence of the contract, if there was one.

We feel obliged to hold, which we do reluctantly in view of all the circumstances, that the decree appealed from must be affirmed on the ground that the trial judge was justified in finding that there was a failure to establish a meeting of the minds upon the matter of the expense of the deed. It was incumbent on the plaintiff to make out a satisfactory case in this respect in order to entitle him to the remedy by specific performance, and while the findings of fact of a trial judge in an equity case are not conclusive upon this court they are entitled to some weight.

Some time after Schleif had authorized Furtado to sell for $2000 net and William Lindsay had refused to buy, the Lindsays asked Furtado if the land was still for sale, whereupon Furtado, August 11, 1905, sent a wireless message to an acquaintance of his, "Ask Schleif if Kukuihaele land still for sale same conditions answer today." Schleif replied the next day, "Yes one-half cash good for seven days." Furtado telephoned to William Lindsay that the land was for sale. Lindsay offered $2000. Furtado did not accept, but sent a wireless message to Schleif, "Thomas W. Lindsay takes land $2000 cash execute deed and come Kinau answer." Schleif answered

August 14, 1905, "$2000 goes Lindsay pay all expenses send check J. A. Magoon." Thus Schleif accepted Lindsay's offer subject to the modification as to expenses, which made his reply a new proposal, and the question is whether Lindsay accepted the modification so far as the expense of the conveyance is concerned. Furtado telephoned the message to William Lindsay and there was some discussion as to what was included in "expenses." Furtado said he thought expenses meant the expense of drawing up the papers but that he was not positive and would write to Honolulu and get Schleif's interpretation; Lindsay said that they had bargained to buy the land for $2000 free of all incumbrances and that they would not pay any expenses whatever, but, as far as the lawyer's fee was concerned, he thought his father would pay that. This is the testimony of Furtado, a witness for the plaintiff. He wrote on August 17 to Schleif that Thomas Lindsay would take the land for $2000 and the expense of the deed and nothing else, and went on to discuss in the letter what was meant by expenses; but in his testimony at the trial he said also, on cross-examination, that Lindsay did not give him any definite promise at that time as to payment of the expense of the deed but that he (Lindsay) told him afterwards when he (Furtado) was passing through Waimea on his way to take the steamer on September 1 for Honolulu that he was willing to pay that. This testimony of the plaintiff's own witness would justify a finding that there was no definite undertaking before the first of September to pay the expense of the conveyance and leaves it uncertain at least whether William Lindsay's expression of willingness on that date was intended as an acceptance of Schleif's modified proposal, if that proposal could be considered as still open at that time. The Lindsays apparently proceeded throughout on the theory that the negotiations had closed on the 14th of August and Furtado never intimated until the trial that there had been any attempt at subsequent acceptance, although he was present when Schleif conveyed to Low and was asked if he knew of any reason why that conveyance should not be made. William

Lindsay on direct examination seemed to think that the only consideration for the conveyance was to be the payment of the $2000, although on cross-examination he said that he understood the expenses of the deed also were to be paid but left it uncertain whether he meant by such expenses more than what was to be paid to their attorney for examining the deed prepared by Schleif's attorney.   They sent only $2000 to Honolulu, and, according to their attorney, gave him no instructions in regard to payment of the expenses of the conveyance.   William Lindsay also wrote to Schleif that they were sending to their attorney $2000 and that they would pay him, their attorney, his fee, and did not intimate a willingness to pay the fee of Schleif's attorney for drawing the deed.   Finally, notwithstanding what had been said in regard to the payment of that fee not only by Furtado but also by Schleif's attorney to the Lindsays on Hawaii, and by Schleif's attorney to their attorney in Honolulu, their bill ignores the whole subject of the expenses of the conveyance and proceeds on the theory that the plaintiff is entitled to a conveyance upon the payment of $2000 alone.   No offer is made or even readiness expressed to pay Schleif's attorney's fee for preparing the deed.

In view of all the circumstances, not all of which are set forth in the opinion, while we feel obliged to affirm the decree dismissing the bill, this will not be done without the modification that the dismissal shall be without prejudice to the plaintiff's right to bring an action at law for breach of contract, and accordingly the case is remanded to the circuit judge with instructions to make such modification.

*A. F. Judd* (*C. S. Smith* and *Judd, Mott-Smith & Hemenway* on the brief) for plaintiff.

*J. A. Magoon* (*Magoon & Lightfoot* on the brief) for defendants.